Gregg S. Garfinkel, Esq., S.B. #156632
ggarfinkel@stonedeanlaw.com
Stone | Dean LLP
21052 Oxnard Street
Woodland Hills, California 91367
Tel:  (818) 999-2232
Fax: (818) 999-2269

Attorneys for Plaintiff,
ALLSTATE VAN & STORAGE, INC. dba ALLSTATE MOVING SYSTEMS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLSTATE VAN & STORAGE, INC. dba ALLSTATE MOVING SYSTEMS<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE MOVING, LLC<br><br>Defendants. | Case No.: 2:22-cv-1948<br>[Complaint filed:  ]<br>[Assigned for all Purposes to the Honorable, Ctrm.]<br><br>**COMPLAINT FOR DAMAGES**<br><br>**Unfair and Deceptive Trade Practices**<br><br>**Common Law Trademark Infringement and Unfair Competition**<br><br>**State Trademark Dilution and Injury to Business Reputation** |

Plaintiff ALLSTATE VAN & STORAGE, INC. dba ALLSTATE MOVING SYSTEMS ("ALLSTATE MOVING" or "PLAINTIFF") states the following in support of its Complaint against Defendant, ALLSTATE MOVING, LLC ("ALLSTATE LLC" or "DEFENDANT").

I. **INTRODUCTION**

1.  For over 56 years, ALLSTATE MOVING has advertised, marketed, promoted, distributed, and rendered interstate and intrastate

1

moving services bearing its famous and distinctive name, ALLSTATE MOVING.

2.      The ALLSTATE MOVING name is particularly well known among the household goods moving community given its long tenure in the highly competitive moving and storage industry, its affiliation with United Van Lines, LLC., its active involvement in trade organizations, and the consistent high ratings that it has received from multiple consumer protection groups.

3.      Despite ALLSTATE MOVING's use and promotion of its longstanding rights in the ALLSTATE MOVING NAME, ALLSTATE LLC entered the household goods moving industry in 2018 and immediately began using the same name used since 1965 by ALLSTATE MOVING. ALLSTATE MOVING believes that ALLSTATE LLC intentionally selected a name confusingly similar to ALLSTATE MOVING so as to benefit from the rightful owner's 56 years of hard work and its stellar reputation in the household goods moving industry.

4.      In short, the infringing name imitates ALLSTATE MOVING's rights in a manner that is likely to cause consumer confusion and deceive the public regarding the source, sponsorship, and or affiliation of the moving services rendered by ALLSTATE LLC. The infringing name and conduct is therefore unlawful and is causing a reparable harm to ALLSTATE MOVING's brand.

5.      ALLSTATE brings this action at law and in equity for unfair competition, and unfair business practices arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq. (2009) ("Lantham Act"); the anti-dilution laws of several states; the fair business practices and unfair and deceptive trade practices acts of several states; and the common law. Among other relief, ALLSTATE MOVING asks this court to: (a) preliminarily enjoin

ALLSTATE LLC from distributing, marketing or offering moving services under the ALLSTATE MOVING or engaging in any conduct creating the impression that ALLSTATE LLC is somehow related to ALLSTATE MOVING; (b) permanently enjoin ALLSTATE LLC from distributing, marketing or offering moving services under the ALLSTATE MOVING or engaging in any conduct creating the false impression that ALLSTATE LLC is somehow related to ALLSTATE MOVING; (c) award ALLSTATE MOVING monetary damages and to treble that award; (d) require ALLSTATE LLC to disgorge all profits from sales generated from the use of the infringing name; and (e) award ALLSTATE MOVING punitive damages, attorneys' fees, and costs.

## II. **PARTIES**

6.  ALLSTATE MOVING is a California Corporation, with its principal place of business in Poway, California.

7.  ALLSTATE MOVING is licensed to transport household goods in intrastate as well as interstate commerce by the Bureau of Household Goods and Effects (#MTR 008 1905), the Department of Transportation (#692879), and the Federal Motor Carrier Safety Administration (#MC 321079).

8.  Defendant ALLSTATE LLC is believed to be a corporation organized and existing under the laws of the State of Washington, having its principal place of business at 7871 S. 180th Street, Kent, Washtingon, 98032.

## III. **JURISDICTION AND VENUE**

9.  This court has diversity jurisdiction over this matter under 28 USC 1332 given that there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

1297254.docx

10. This court has subject matter jurisdiction over ALLSTATE MOVING's related state in common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

11. This Court has personal jurisdiction over ALLSTATE LLC., because, on information and belief, (a) ALLSTATE LLC has marketed, distributed, offered for sale, and/or provided moving and storage services within the State of California; (b) ALLSTATE LLC regularly transacts and conducts business within the State of California; and/or (c) ALLSTATE LLC has otherwise made or established contacts within the State of California sufficient to permit the exercise of personal jurisdiction.

12. The District of California is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to ALLSTATE MOVING's claims occurred in this District.

## IV. **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

13. For decades, ALLSTATE MOVING has extensively and continuously used and promoted its name and expertise in connection with the provision of interstate and intrastate moving services.

14. As a result of ALLSTATE MOVING's continuous and exclusive use of the name ALLSTATE MOVING, it has enjoyed wide public acceptance and has come to be recognized widely and favorably by the household shipping public.

15. As a result of ALLSTATE MOVING's extensive use and promotion of its name, it has has built up and now owns extremely valuable goodwill that is symbolized by the name. The purchasing public has come to associate the ALLSTATE MOVING name with the provision of first rate moving services.

16. In blatant disregard of ALLSTATE MOVING's rights, ALLSTATE

LLC markets, distributes, offers for sale, and represents itself to be affiliated or somehow related to ALLSTATE MOVING in an attempt to bootstrap the new company into one with well-regarded name recognition and 56 years of experience in the highly competitive household goods moving and storage industry.

17.  As a director competitor, ALLSTATE LLC offers its services to the exact same customers as ALLSTATE MOVING.

18.  Without doubt, ALLSTATE LLC had knowledge of and was familiar with ALLSTATE MOVING's name when it began marketing, promoting, and offering interstate and intrastate moving services. Clearly, ALLSTATE LLC intentionally adopted and used a confusingly similar name knowing that the infringing name would mislead and deceive consumers into believing that its services were somehow related to those provided by ALLSTATE MOVING.

19.  There is no relationship whatsoever between ALLSTATE MOVING with ALLSTATE LLC.

20.  ALLSTATE MOVING used the name ALLSTATE MOVING extensively and continuously before ALLSTATE LLC began using the same name.

21.  The likelihood of confusion, mistake, and deception engendered by ALLSTATE LLC's infringement of ALLSTATE MOVING's name is causing irreparable harm to the goodwill symbolized by the name mark and the reputation for quality that it embodies.  In fact, there are countless examples of dissatisfied customers of ALLSTATE LLC., leaving negative reviews on Yelp pages belonging to ALLSTATE MOVING.

22.  ALLSTATE LLC's activities are likely to cause confusion before, during, and after the time of purchase because purchasers, prospective

5

purchasers, and others viewing ALLSTATE LLC's branding and name use are likely to mistakenly attribute the services provided by footwear to ALLSTATE MOVING. By causing a likelihood of confusion, mistake, and deception, ALLSTATE LLC is inflicting irreparable harm under goodwill symbolized by the ALLSTATE MOVING name and the reputation for quality that it embodies.

23. On information and belief, ALLSTATE LLC continues to use the infringing name in connection with marketing and rendering interstate and intrastate moving services that directly competes with the services offered by ALLSTATE MOVING. well after ALLSTATE MOVING had established protectable rights in the name.

24. On further information and belief, ALLSTATE LLC knowingly, willfully, intentionally, and maliciously adopted and used a confusingly similar name to that of ALLSTATE MOVING.

## FIRST CLAIM FOR RELIEF
**(Unfair and Deceptive Trade Practices)**

25. ALLSTATE MOVING repeats and incorporates by reference the allegations in the preceding paragraphs.

26. ALLSTATE LLC has been and is passing off its goods and services as those of ALLSTATE MOVING, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of ALLSTATE LLC's goods and services, causing a likelihood of confusion as to ALLSTATE LLC's affiliation, connection, or association with ALLSTATE MOVING, and otherwise damaging the public.

27. ALLSTATE LLC conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the

6

STONE | DEAN LLP
21052 OXNARD STREET
WOODLAND HILLS, CALIFORNIA 91367

unfair and deceptive trade practices statues of several states, including California CAL. BUS. & PROF. CODE § 17200, *et seq.* (West 2009); Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (West 2009); Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536 (2009); Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1-375 (2009); Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (2009); Illinois, ILL. COMP. STAT. ANN. ch. 815, 510/1 to 510/7 (2009); Maine, ME. REV. STAT. ANN. Tit. 10, §§ 1211 to 1216 (West 2009); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West 2009); Nebraska, NEB. REV. STAT. §§ 87-301 to 87-306 (2009); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-12-22 (Michie 2009); New York, N.Y. GEN.BUS. Law § 349 (McKinney 2009); Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (Baldwin 2009); and Oklahoma, OKL A. STAT. ANN. tit. 78, §§ 51 to 55 (West 2009).

28.     ALLSTATE LLC'S unauthorized use of a confusingly similar name of ALLSTATE MOVING has caused and is likely to cause substantial injury to the public and to ALLSTATE MOVING. ALLSTATE MOVING, therefore, is entitled to injunctive relief and to recover damages and if appropriate, punitive damages, costs, and reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF
**(Common Law Trademark Infringement and Unfair Competition)**

29.     ALLSTATE MOVING repeats and incorporates by reference the allegations in the preceding paragraphs.

30.     ALLSTATE LLC's acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of ALLSTATE MOVING.  ALLSTATE MOVING has no

1297254.docx

adequate remedy at law for this injury.

31. On information and belief, ALLSTATE LLC acted with full knowledge of ALLSTATE MOVING's use of, and statutory and common law rights to, ALLSTATE MOVING's name and without regard to the likelihood of confusion of the public created by ALLSTATE LLC's activities.

32. ALLSTATE LLC actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with ALLSTATE MOVING's name to the great and irreparable injury of ALLSTATE MOVING.

33. As a result of ALLSTATE LLC's acts, ALLSTATE MOVING has been damaged in amount not yet determined or ascertained. At a minimum, however, ALLSTATE MOVING is entitled to injunctive relief, to an accounting of ALLSTATE LLC's profits, damages, and costs. Further, in light of the deliberate and malicious use of a confusingly similar name owned and utilized by ALLSTATE MOVING, and the need to deter ALLSTATE LLC from engaging in similar conduct in the future, ALLSTATE MOVING additionally is entitled to punitive damages.

## THIRD CLAIM FOR RELIEF

**(State Trademark Dilution and Injury to Business Reputation)**

34. ALLSTATE MOVING repeats and incorporates by reference the allegations in the preceding paragraphs.

35. ALLSTATE MOVING has extensively and continuously promoted and used the ALLSTATE name throughout the United States, became distinctive, famous, and well-known in the household goods moving and storage industry well before ALLSTATE LLC pirated the name and attendant goodwill as its own.

36. ALLSTATE LLC's conduct dilutes the distinctiveness of

ALLSTATE MOVING's name and it is having a detrimental impact on ALLSTATE MOVING's name and reputation, especially on social media outlets. ALLSTATE LLC's conduct erodes the public's exclusive identification of the ALLSTATE name with ALLSTATE MOVING and tarnishing and degrading the positive associations and prestigious connotations of the name, and otherwise lessening the value of the name utilized by ALLSTATE MOVING for over 56 years.

37.   ALLSTATE LLC is causing and will continue to cause irreparable injury to ALLSTATE MOVING's goodwill and business reputation and dilution of the distinctiveness and value of ALLSTATE MOVING's famous and distinctive name in violation of the California's anti-diluation statue (CAL. BUS. & PROF. CODE § 14247 (West 2009)), as well as the anti-dilution laws of several other states, including Alabama, ALA. CODE § 8-12-17 (2009); Alaska, ALASKA STAT. § 45.50.180 (Michie 2009); Arizona, ARIZ. REV. STAT. ANN. § 44-1448.01 (West 2009); Arkansas, ARK. CODE ANN. § 4-71-213 (2009); Connecticut, CONN. GEN. STAT. ANN § 35-11i(c) (West 2009); Delaware, DEL. CODE ANN. tit. 6, § 3313 (2009); Florida, FLA. STAT. ANN. § 495.151 (West 2007); Georgia, GA. CODE ANN. § 10-1-451 (2009); Hawaii, HAW. REV. STAT. ANN. § 482-32 (Michie 2009); Idaho, IDAHO CODE § 48-513 (Michie 2009); Illinois, 765 ILL. COMP. STAT. ANN. 1036/65 (2009); Iowa, IOWA CODE ANN. § 548.113 (West 2009); Indiana, IN. CODE 24-2-13.5 (West 2009); Kansas, KAN. STAT. ANN. § 81-214 (2009); Louisiana, LA. REV. STAT. ANN. § 51:223.1 (West 2009); Maine, ME. REV. STAT. ANN. tit. 10, § 1530 (West 2000); Massachusetts, MASS. GEN. LAWS. ANN. ch. 110H, § 13 (West 2009); Minnesota, MINN. STAT. ANN. § 333.285 (West 2009); Mississippi, MISS. CODE. ANN. § 75-25-25 (2009); Missouri, MO. ANN. STAT. § 417.061(1) (West 2009); Montana,

MONT. CODE ANN. § 30-13-334 (2009); Nebraska, NEB. REV. STAT. ANN. § 87- 140 (Michie 2009); Nevada, NEV. REV. STAT. 600.435 (2007); New Hampshire, N.H. REV. STAT. ANN. § 350-A:12 (2009); New Jersey, N.J. STAT. ANN. 56:3-13.20 (West 2009); New Mexico, N.M. STAT. ANN. § 57-3B-15 (Michie 2009); New York, N.Y. GEN. BUS. Law § 360-l (2009); Oregon, O.R.S. § 647.107 (2009), Pennsylvania, 54 PA. CONS. STAT. ANN. § 1124 (West 2009); Rhode Island, R.I. GEN. LAWS § 6-2-12 (2009); South Carolina, S. C. CODE ANN. § 39-15-1165 (2009); Tennessee, TENN. CODE ANN. § 47-25-513 (2009); Texas, TEX. BUS. & COM. CODE ANN. § 16.29 (Vernon 2009); Utah, UT. CODE ANN. § 70-3a-403 (2009); Washington, WASH. REV. CODE ANN. § 19.77.160 (West 2009); West Virginia, W.V. STAT. ANN. 47-2-13 (Michie 2009); and Wyoming, WYO. STAT. ANN. § 40-1-115 (Michie 2009).

38.  ALLSTATE MOVING, therefore, is entitled to injunctive relief, damages, and costs, as well as, if appropriate, enhanced damages, punitive damages, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, ALLSTATE MOVING prays that:

1.  ALLSTATE LLC and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from ALLSTATE LLC, or in concert or participation with ALLSTATE LLC, and each of them, be enjoined from:

    (a)  Advertising, marketing, promoting, offering for sale services and goods utilizing the ALLSTATE MOVING name;

  (b) Using the ALLSTATE MOVING name in connection with any of ALLSTATE LLC services;

  (c) using any trademark, name, logo, design, or source designation of any kind on or in connection with ALLSTATE LLC goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by ALLSTATE MOVING, or are sponsored or authorized by ALLSTATE MOVING, or are in any way connected or related to ALLSTATE MOVING;

  (d) using any trademark, name, logo, design, or source designation of any kind on or in connection with ALLSTATE LLC goods that dilutes or is likely to dilute the distinctiveness of ALLSTATE MOVING's trademarks, trade dresses, names, or logos; and

  (e) passing off, palming off, or assisting in passing off or palming off ALLSTATE LLC services as those of ALLSTATE MOVING, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint.

2. ALLSTATE LLC be compelled to account to ALLSTATE MOVING for any and all profits derived by ALLSTATE LLC from the provision of moving services utilizing the ALLSTATE MOVING name;

3. ALLSTATE MOVING be awarded all damages cause by the acts forming the basis of this Complaint; and

4. ALLSTATE LLC be required to pay to ALLSTATE MOVING the costs and reasonable attorneys' fees incurred by ALLSTATE MOVING in this action pursuant to 15 U.S.C. § 1117(a) and the state statutes cited in

this Complaint;

5. Based on ALLSTATE LLC willful and deliberate infringement and/or dilution of the ALLSTATE MOVING name and to deter such conduct in the future, ALLSTATE MOVING be awarded punitive damages;

6. ALLSTATE MOVING be awarded prejudgment and post-judgment interest on all monetary awards; and

7. ALLSTATE MOVING be granted such other and further relief as the Court may deem just.

## JURY TRIAL DEMAND

ALLSTATE MOVING respectfully demands a trial by jury on all claims and issues so triable.

DATED: March 24, 2022

STONE | DEAN LLP

By: _____
Gregg S. Garfinkel
Attorneys for Plaintiff, ALLSTATE VAN & STORAGE, INC. dba ALLSTATE MOVING SYSTEMS

STONE | DEAN LLP
21052 OXNARD STREET
WOODLAND HILLS, CALIFORNIA 91367

1297254.docx

12