# JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLSTATE VAN & STORAGE, INC. dba ALLSTATE MOVING SYSTEMS,<br><br>Plaintiff(s),<br><br>v.<br><br>ALLSTATE MOVING, LLC,<br><br>Defendants. | Case No.: 2:22-cv-01948 AB (JPRx)<br><br>[~~PROPOSED~~] ORDER AND JUDGMENT |

On August 23, 2022, Plaintiff ALLSTATE VAN & STORAGE, INC. dba ALLSTATE MOVING SYSTEMS filed a Motion for Default Judgment (Dkt. No. 25) and supporting Declarations of Gregg S. Garfinkel and Nick Luni. The hearing set for September 30, 2022 is VACATED. See Fed. R. Civ. P. 78, C.D. Cal. L.R. 7-15.

Defendant ALLSTATE MOVING, LLC, a corporation, made no appearance in this action despite perfected service of process. Accordingly, on May 17, 2022, the Clerk of the Court entered the Default of Defendant ALLSTATE MOVING, LLC, a corporation.

The Court has reviewed the Motion and finds that Plaintiff has

complied with the procedural requirements set forth in Fed. R. Civ. P. 55(a) and Local Rule 55-1. As the factual allegations of the complaint are deemed to have been admitted by the non-responding party, *see* Fed. R. Civ. Proc. 8(b)(6) and *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977), and in light of the evidence presented in the Luni Declaration, the Court also finds that the factors set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986) weigh in favor of granting default judgment and entering the requested injunction.

Accordingly, it is hereby ORDERED that Plaintiff's Motion for Default Judgment is <u>GRANTED</u>; it is FURTHER ORDERED that Defendant, ALLSTATE LLC and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from ALLSTATE LLC, or in concert or participation with ALLSTATE LLC, and each of them, be enjoined from:

(i) Advertising, marketing, promoting, offering for sale services and goods utilizing the ALLSTATE MOVING name;

(ii) Using the ALLSTATE MOVING name in connection with any of ALLSTATE LLC services;

(iii) using any trademark, name, logo, design, or source designation of any kind on or in connection with ALLSTATE LLC goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by ALLSTATE MOVING, or are sponsored or authorized by ALLSTATE MOVING, or are in any way connected or related to ALLSTATE MOVING;

(iv) using any trademark, name, logo, design, or source designation of any kind on or in connection with ALLSTATE LLC goods that dilutes or is likely to dilute the distinctiveness of ALLSTATE MOVING's trademarks,

trade dresses, names, or logos; and

    (v)   passing off, palming off, or assisting in passing off or palming off ALLSTATE LLC services as those of ALLSTATE MOVING, or otherwise continuing any and all acts of unfair competition as alleged in Plaintiff's Complaint.

    IT IS FURTHER ORDERED that this Court retains jurisdiction over any matter pertaining to this judgment; and it is

    FURTHER ORDERED that this case is DISMISSED and the Clerk of the Court shall remove it from the docket of the Court. This is a final appealable order. See *Fed. R. App. P.* 4(a).

    SO ORDERED.

Dated: September 29, 2022

_____
Andre Birotte Jr., United States District Judge